[No. 4295.   Decided September 2, 1902.]

JAMES A. WALTERS, *Respondent*, v. R. H. FIELD *et al.*,
*Defendants;* C. C. HENSLEY, *Appellant.*

WAIVER OF SPECIAL APPEARANCE—WHAT CONSTITUTES.

Where a defendant who has entered a special appearance in
an action afterwards answers to the merits without preserving
his special appearance, he thereby waives any rights thereunder,
and renders his appearance general, under Bal. Code, § 4886;
and the fact that the court had ordered a default entered unless
he asked further time to plead would not excuse his subse-
quent answer to the merits, when the appearance and answer
were voluntarily made under an agreement to do so in case
certain proceedings were had, which were done accordingly.

Appeal from Superior Court, Whitman County.—Hon.
STEPHEN J. CHADWICK, Judge.   Affirmed.

*Thomas Neill,* for appellant.

*Hanna & Hanna,* for respondent.

The opinion of the court was delivered by

WHITE, J.—On the 9th of December, 1899, the respond-
ent, as plaintiff, commenced an action in the superior
court of Whitman county against R. H. Field and C. C
Hensley, as defendants, to recover a judgment on a promis-
sory note for $800 and interest, which note was payable
to the order of the plaintiff, and signed by the defendants
under the firm name of Field & Hensley.   On the same
day an affidavit for a writ of attachment was made, and
the affidavit stated that C. C. Hensley was not a resident of
the state of Washington, etc.   On the same day a writ of
attachment was issued against the property of C. C. Hens-
ley.   On the same day the sheriff of Whitman county, as
shown by his return, duly levied the writ upon and at-

tached all of the right, title, and interest of C. C. Hensley
in certain real estate in section 14, in Whitman county,
particularly describing it. On the 12th of December,
1899, an affidavit for a summons on C. C. Hensley by
publication was made. This affidavit stated that the said
C. C. Hensley was not a resident of the state of Washing-
ton; that he had property in said state, etc. The summons
was dated December 12, 1899, and requires the defendant
to appear within sixty days after the date of the first publi-
cation thereof, to-wit, within sixty days after the 15th of
December, 1899, and defend the action, etc. The proof of
the service was made on the 29th of January, 1900, and
the summons, with the proof of publication, was filed
March 19, 1901. The first publication was on the 15th
of December, 1899; the last on the 26th of January, 1900.
On the 18th of January, 1900, C. C. Hensley entered a
special appearance, and by answer objected to the juris-
diction of the court to enter judgment against the defend-
ant, he appearing for no other purpose. The answer set
forth the issuance of a writ of attachment and the return of
the sheriff, as we have recited, and then alleged that the
land described in said return was not at the time of the
levy the property of the defendant, and for that reason the
court had no jurisdiction to make or enter a judgment of
any kind in this action. And the answer prayed that the
court take such proceedings as it might deem proper to
ascertain whether it would take further cognizance of the
cause. The answer was served on the plaintiff's attorney
the same day it was filed. On the 10th day of February,
1900, a motion was made by C. C. Hensley, appearing
specially, that the cause be dismissed as against him, and
the publication of the summons be quashed, because the
plaintiff had failed to answer the facts set up in the answer
of said defendant as to jurisdiction. On the 27th of Feb-

ruary, 1900, the plaintiff moved for judgment against Hensley in accordance with the prayer of his complaint, and based the motion on the pleadings of the plaintiff and the defendant Hensley on file in the action. On the 27th of February, 1900, the court heard the motion to dismiss the action and the motion for judgment against the defendant Hensley on the pleadings, and overruled both motions on the 28th of February, 1900. There is a stipulation in the cause, signed by the attorneys for the respective parties, that no entry was made of the orders, and subsequently, on the 14th day of March, 1901, what purports to be a *nunc pro tunc* order was entered overruling said motion. On the 8th day of March, 1900, the attorney for C. C. Hensley appeared generally for Phila A. Hensley, and asked leave of the court to file a complaint of intervention in her behalf, and on the 19th day of March, 1900, the complaint of intervention of Phila A. Hensley was filed. In this complaint of intervention Phila A. Hensley alleged that the note sued upon was made after the firm of Field & Hensley had been dissolved, and without authority of C. C. Hensley. The complaint further alleged facts as to the non-residence of Hensley and the issuance of the writ of attachment, and the levy of the same on the land above mentioned. It is further alleged that from the 19th of January, 1898, the intervenor was and had been the absolute owner in her own right of the land levied on, etc. The prayer of the complaint of intervention was that the lien of the attachment on the land be discharged. On March 14, 1900, when the case was called for trial, a motion was made in open court by the plaintiff for a default against the defendant Hensley. The court then made the following order:

"It is ordered that said default be entered, unless defendant C. C. Hensley, by his attorney announces his de-

sire and willingness to plead further, and by his counsel he at this time suggests that he may desire to plead further, and counsel having suggested that he cannot plead at this time without injustice to his client's interests, it is ordered by the court that this matter be continued until the hour of one o'clock of the afternoon of this day within which time the said defendant C. C. Hensley by his counsel may make formal application for continuance of this cause which will be then considered by the court."

On the same day, immediately following the above order, appears the following journal entry:

"Comes now the plaintiff by his attorneys, Hanna & Hanna, and moves to file an amended answer to complaint in intervention. The intervenor, by her attorney objects and the court overrules the objection, to which the intervenor excepts and the exception is allowed. The court allows the plaintiff to amend his answer.

"On motion of Thomas Neill, counsel for the intervenor, the court orders that the name of Charles M. Wyman be entered as co-counsel for the intervenor, Phila A. Hensley.

"Comes now Hanna & Hanna, attorneys for plaintiff and moves for default against the defendant C. C. Hensley. Defendant C. C. Hensley makes application for time in which to file his answer.

*"It is agreed between the parties hereto that the defendant C. C. Hensley shall answer to the merits of the case and that the intervention case be dismissed, and that the costs abide the result of the main case, and that the defendant C. C. Hensley answer to the merits within seven days.*

"Wherefore, it is adjudged and ordered that the intervention of said Phila A. Hensley in said action be and hereby is dismissed, and that the costs now accrued in said action abide the result of the main case, and that the cost bills of the respective parties herein be submitted to the opposite party, and further that the defendant C. C. Hensley has leave to answer to the merits in said action and he is given seven days in which to serve and file his said answer.

36—29 Wash.

"Done in open court this 14th day of March, 1901."

On the 30th of March, 1901, C. C. Hensley filed his answer to the merits. The answer, after entitling the cause, reads: "Comes now the defendant C. C. Hensley, and for answer to the plaintiff's complaint herein (1), denies," etc. The answer denies the partnership, the making of the note by the defendant, and in addition sets up affirmative matter. A demurrer was interposed to the answer, and sustained. An amended answer was filed on May 22, 1901. The defendant C. C. Hensley in his amended answer denied the allegations of the complaint, and further alleged: That on the 1st of June, 1898, the firm of Field & Hensley was dissolved, and that plaintiff had knowledge of the dissolution of the firm when he took the note in question from the defendant Field. On October 18, 1901, the following order, omitting the title of the cause, appears in the journal entry:

"It is ordered that the case be and the same is hereby set for trial on November 14, 1901, at the hour of 9 o'clock, a. m.

"On motion of plaintiff by his attorneys, Hanna & Hanna, it is ordered that the attachment heretofore issued herein on all that portion of the southwest quarter of section 14, in township 18 north, of range forty-five E., W. M., lying east of the O. R. & N. Co.'s right of way running through said quarter section of land, consisting of 100 acres more or less, be and the same is hereby dismissed."

The trial was had on November 19, 1901. On the next day the jury returned a verdict in favor of the plaintiff, and against the defendant Hensley, for the amount sued for. A judgment was rendered on this verdict. Up until the time the defendant C. C. Hensley filed his answer to the merits his attorney in all answers and motions theretofore filed by him was particular in noting that he appeared specially. The errors complained of are as follows:

"1st. The court erred in overruling defendant's motion to dismiss the case. 2d. The court erred in granting a default against the defendant while the answer to the jurisdiction was pending and undisposed of. 3d. The court erred in entering judgment against the defendant."

The only question before us is, did the superior court have jurisdiction to hear and determine this case? The appellant contends that the court erred in not sustaining the motion to quash the publication of summons, and in not dismissing the action on his answer attacking the jurisdiction of the court. The respondent contends that *after* the ruling complained of the defendant *voluntarily* in open court agreed to enter an appearance and answer to the merits if certain things were done, and in accordance with that agreement did so voluntarily appear. If such was the case it is useless to consider whether or not the court erred in its ruling on the motions made under the special appearance. The judgment in this case was rendered on pleadings filed after the voluntary agreement and appearance of the defendant, if it is true the defendant voluntarily appeared. Many authorities hold that when a defendant appears and objects to jurisdiction, and his objection is overruled, he must then elect to stand upon his objection, or to go into the merits, and that going into the merits waives his exception. But we have held that filing a demurrer to the complaint before a justice of the peace after a special appearance claiming that no summons had been served upon which the court obtained jurisdiction of the person of the defendant did not waive the objection to the jurisdiction. *Woodbury v. Henningsen*, 11 Wash. 12 (39 Pac. 243). The question now presented is quite different. Here the defendant asked for further time to plead when the court ruled on the motion for his default. The court then took the matter under advisement, and directed him

to make application at 1:00 o'clock on the same day for further time to plead. When the hour to make the application arrived the defendant *agreed with the plaintiff* that he would answer to the merits, and that the intervention suit of one of the parties to the action should be dismissed, and that the cost of such intervention should abide the result of the action. In this stipulation seven days' time was given to answer to the merits, and the intervention suit was dismissed, the cost to abide the result of the trial of the action on its merits. This stipulation, we think, amounted to a general appearance, and waived the question as to the jurisdiction of the court over the person of defendant. *Upper Mississippi Transportation Co. v. Whittaker,* 16 Wis. 220. In the case cited from Wisconsin where there was a special appearance for the sole purpose of moving to set aside the service of summons, and after the motion was overruled the defendant asked for an extension of time in which to plead, the court said:

"It is now shown that the proceedings were stayed at the instance of the plaintiff in error, and not by the judge upon his motion, as was formerly supposed. This entirely changes the aspect of the case with regard to the question of jurisdiction. It was an appearance, an unqualified waiver of previous defects in the service of process. The relief granted was consistent only with the complete jurisdiction of the court over the party applying for it; and if founded upon such application, which it now appears to have been, the jurisdiction can no longer be questioned."

Our statute expressly provides that a defendant appears in an action when he answers, demurs, makes any application for an order, or gives the plaintiff written notice of his appearance, and that every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that same is a special appearance. § 4886, Ballinger's Code. Up until

the time the answer in this case to the merits was filed the defendant was careful in all motions and pleadings filed by him to note that he appeared specially. The answer to the merits and all pleadings subsequent thereto filed by the appellant do not purport to be made under a special appearance. Under § 4886 the appearance is general. The defendant could have preserved his special appearance in his answer to the merits, but he did not see fit to do so. Under the statute cited his answer to the merits was a general appearance. And this, in connection with the stipulation and the character of the defense interposed, being in part the same as that interposed by the intervenor, convinces us that he intended to voluntarily appear in the action, and that he was not forced to answer to the merits by reason of the order of the court that default would be entered against him unless he announced his desire and willingness to plead further.

The judgment of the court below is therefore affirmed, with costs to the respondent.

REAVIS, C. J. and HADLEY, MOUNT, ANDERS and DUNBAR, JJ., concur.