## DETERMINED IN THE

# SUPREME COURT

## OF

# WASHINGTON

[No. 5221. Decided March 29, 1905.]

LIZZIE A. HODGES, *Respondent,* v. J. J. PRICE, *Appellant.*[1]

APPEAL—REVIEW—WAIVER OF SPECIAL APPEARANCE BY ANSWER. Error in refusing to quash the service of a summons is waived by answering on the merits without preserving the special appearance.·

APPEAL—REVIEW—NONSUIT—WAIVER. A motion for a nonsuit in a case tried *de novo* on appeal is waived by proceeding with the trial, since the court will look to the whole evidence to sustain the judgment.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In an equity case tried *de novo* on appeal, the case will not be reversed for the erroneous admission of evidence.

CONTRACTS—RESCISSION—PARTNERSHIP—DIFFERENCES REQUIRING DISSOLUTION—PLEADING—COMPLAINT—SUFFICIENCY OF ALLEGATIONS. In an action upon a contract whereby the plaintiff and defendant entered into an agreement in the nature of a partnership for the raising of stock upon plaintiff's premises, which were to be occupied jointly by the parties, the profits to be divided, a complaint alleging violations of the contract upon the part of the defendant and showing such a state of facts and irreconcilable differences between the parties that a dissolution of the agreement is necessary, and asking that the contract be declared null and void, states a sufficient cause of action for the rescission of the contract.

[1]Reported in 80 Pac. 202.

Same—Supplemental Complaint—Acts Since Commencement of Action. In an action for the rescission of a contract whereby the parties were to jointly occupy the plaintiff's premises and engage in the business of stock raising, dividing the profits, in which the complaint alleges various breaches of the contract by defendant, it is proper to permit the filing of a supplemental complaint showing that since the action was commenced the defendant had further violated the contract by driving the plaintiff from the premises and depriving her of the joint occupation thereof, since it is proper to show acts or a course of conduct since the commencement of the action, tending to interpret the intention of the party in the commission of the prior defaults.

Contracts—Rescission—Measure of Interest of Party in Default—Future Profits. Where a contract is rescinded on account of the default of the defendant, he is not entitled to any interest in the future profits of the business, but only to the present value of his interest.

Appeal from a judgment of the superior court for Okanogan county, Martin, J., entered February 27, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for the rescission of a contract. Affirmed.

*E. K. Pendergast, E. W. Taylor,* and *M. G. Riley,* for appellant.

*Fulton & Faben,* for respondent.

Dunbar, J.—The appellant and respondent, on the 16th day of January, 1903, entered into an agreement whereby a certain one hundred and sixty acres of land, owned by respondent, was to be used jointly by the respondent and appellant, until the month of May, 1905, for the purpose of raising alfalfa and feeding cattle, the respondent to furnish the implements to be used on the farm and the cattle then on the farm, and to purchase for the use of the business one hundred head of cattle additional, to be placed on the farm in March or April, 1903, with the privilege to the appellant to place one hundred head on the

farm, under certain conditions which it is not necessary
to state. The cattle were to be kept until they were three
years old, and to be sold, and the money from the sale of
the cattle was to be applied, first, to the reimbursement of
the respondent for all moneys advanced by her up to the
time of the sale, the appellant to devote his time and best
energies to the business. It was further agreed that the
title to all the cattle mentioned in the agreement should
be and remain in the parties furnishing them; that this
agreement should not be construed or understood as a part-
nership agreement; that the relations of the parties should
be governed entirely by the terms and conditions of the
contract, strictly construed against each of the parties
thereto.

The complaint in the action is based upon an alleged
violation of the contract on the part of the appellant. It
is alleged, in substance, after setting up the agreement,
that the defendant never furnished any money nor funds
nor live stock under said agreement; that he refused to pay
his one-half of the expenses of maturing the stock, and
that, in violation of his duties and obligations under said
contract and agreement, with intent to defeat and defraud
the rights and property of plaintiff, he put a brand of his
own upon the one hundred head of stock which the re-
spondent had furnished according to the contract, and
attempted, by rebranding said cattle, to hold out to the
public that the said cattle were owned by the defendant
as well as by the plaintiff, and that he had title therein and
thereto; that, in further violation of his contract, he
attempted a series of charges for expenses against the
plaintiff, not contemplated by the agreement; that he was
avoiding the obligations and conditions imposed upon him
by the agreement by incurring large and unnecessary bills
and expenses in the management of the ranch, and that,

if permitted to carry on the management, he would incur large and needless expenses, involving plaintiff in great and irreparable loss and damage; that he was insolvent, and unable to respond to a judgment; that plaintiff had at all times during the existence of the agreement, fulfilled her obligations under the contract; and she asked, that the contract be declared null and void, and the relations of the parties thereunder be terminated forever; that she be let into the exclusive possession of the premises at once; that she have a writ of assistance therefor; and that the defendant be enjoined from entering the premises, etc.

· The answer to the complaint was a denial of the charges of the violation, on the part of the appellant, of the contract, and an allegation, in substance, that the plaintiff had not fulfilled the conditions of the contract on her part. Upon the trial of the cause by the court, relief was granted substantially as asked for in the complaint, the court finding, in brief, that the allegations of the complaint had been substantially proved; that the defendant had refused to permit plaintiff the joint occupancy of said ranch and property, and any voice or direction as to the management of the same; that, in violation of the spirit and terms of the contract, and without the knowledge, consent, or authority of the plaintiff, he had branded about one hundred head of cattle with what is known and designated as a "crow-foot" brand, causing said brand to be placed of record, in the office of the auditor of Okanogan county, in the joint name of plaintiff and defendant; that defendant had neglected and refused to pay one-half the cost and expenses on said ranch, and had demanded large sums of money from the plaintiff; that, since the commencement of the action, he had laid violent hands on the plaintiff, and driven her from the ranch, and in other respects had violated the obligations of the contract which devolved

upon him; also, found that the present value of the business to the defendant was $840; and entered judgment decreeing that the temporary injunction, theretofore issued against the defendant, be made perpetual, and that he be perpetually enjoined from going upon, occupying, or in any manner interfering with, said premises or property, or any part thereof; that the plaintiff pay all the outstanding bills contracted by either of the parties during their joint occupancy; and that plaintiff pay to defendant the sum of $840, in payment of his interest in said business, making the said sum a first lien upon all the property mentioned in the contract, and that each of the parties pay his own costs.

The first error alleged is that the court erred in refusing to quash the summons for want of proper service. Without entering into a discussion of the evidence presented on this question, we are of the opinion that the service shown to have been made was sufficient. In any event, the appellant afterwards answered without preserving the special appearance that he had made for the purpose of quashing the summons. We decided, in *Walters v. Field,* 29 Wash. 558, 70 Pac. 66, that, where a defendant, who had entered a special appearance in an action, afterwards answered to the merits without preserving his special appearance, he thereby waived any rights thereunder and rendered his appearance general. See, also, *Larsen v. Allan Line Steamship Co.,* 37 Wash. 555, 80 Pac. 181.

At the commencement of the case, the appellant objected to the introduction of testimony, for the reason that the complaint did not state a cause of action, and, at the conclusion of the respondent's testimony, made a motion for a nonsuit on the ground that no cause of action had been sustained by testimony. As to the second proposition, it is not material whether the court erroneously re-

fused to grant a nonsuit or not. The parties proceeded to trial and introduced evidence in their behalf, and, the cause being tried *de novo* in this court, if there is sufficient evidence to sustain the judgment, it will be sustained. The court will look to the whole of the evidence to ascertain that fact. Neither will the court in an equity case, as has frequently been announced, reverse a judgment for the erroneous admission of evidence, if there is competent evidence in the record to sustain the judgment.

On the first proposition, which is, in fact, a demurrer to the complaint, we think that a cause of action was abundantly stated, and, if the allegations of the complaint were true, the respondent was evidently entitled to relief. It seems to us that it is a plain action for the rescission of a contract. At all events, it was so treated by the trial court, and it is conceded by the appellant, as shown by a finding which he asked the court to make, that, on account of the irreconcilable differences existing between the parties, the contract should be dissolved, and the possession of the property given to the respondent. But the contention was that the interest of appellant should be decreed to be $3,092.50, instead of $840, as decided by the court, and this constitutes the principal contention in this case.

It is also insisted that the court erred in permitting the filing of a supplemental complaint, to the effect that, since the commencement of the action, to wit, on the 29th day of June, 1903, at the ranch of respondent in Okanogan county, being the ranch in question, the appellant, without cause, ordered the respondent off from her said ranch, and told her that she would not be permitted to return thereon; that, at said time and place, he struck the husband of respondent with great violence, and laid violent hands upon the respondent, and conducted himself in

such a manner as to render the persons of respondent and her husband insecure upon said ranch; and that the said acts of violence were inflicted by appellant for the sole purpose of driving respondent from her ranch and premises, and depriving her of the satisfaction and enjoyment of her property, in violation of the terms of the contract above described.

There are two answers to this assignment: (1) that there was no proper objection to the filing of the supplemental complaint; and (2) that courts admit proof of a series of acts, some of which are done after the commencement of the action, tending to show a course of conduct, and to throw light upon and interpret the intention, of the party in the commission of the prior acts complained of. *Platt Bros. & Co. v. Waterbury,* 72 Conn. 531, 45 Atl. 154, 77 Am. St. 335, 48 L. R. A. 691; *Allen v. Allen,* 73 Conn. 54, 46 Atl. 242, 84 Am. St. 135, 49 L. R. A. 142; *Morasse v. Brochu,* 151 Mass. 567, 25 N. E. 74, 21 Am. St. 474, 8 L. R. A. 524. In these cases the question came up upon the admission of testimony, but, of course, if the testimony was competent, it would be competent to allow pleadings justifying the testimony. On all these objections to the pleadings and objections to amendments to the complaint, it has been uniformly decided by this court that amendments which might have been made in the court below on motion will, in the appellate court, be deemed to have been made.

We have examined the authorities cited by the appellant in his very able and earnest brief, but we are unable to obtain any light from them for the reason that the argument of the brief is generally based upon the theory that the appellant was not, in the first instance, the violator of the contract. If that were true, the argument upon the measure of damages, which is made by the appellant, would

be sound; but, if the findings of the court are true, the appellant would have no interest in the future profits of the business, but would be entitled only to the present value of the business. The testimony is too extended to warrant the undertaking of an analysis of it. It is sufficient to say that, upon a reading of the whole testimony, we are satisfied with the findings made by the court. The testimony in many instances is absolutely conflicting. The business was involved and intricate, and, from what light we can get, we are of the opinion that substantial justice was done by the findings of the court.

There appearing to us no error in the rejection of testimony, or in any other respect, the judgment will be affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.