[No. 10338.  Department One.  July 29, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES TICE,

*Appellant.*[1]

FISH—RIGHT TO FISH.  There is no private right or privilege to
take fish in waters of the state except as granted by the state.

CONSTITUTIONAL LAW—CLASS LEGISLATION—FISH.  Laws 1911, p.
496, regulating the fishing for salmon and making a different
closed season in different waters of the state is not unconstitutional
as class legislation or arbitrary and unreasonable, as it affects
equally and impartially all persons similarly situated.

Appeal from a judgment of the superior court for Pacific
county, Smith, J., entered December 18, 1911, upon a trial
and conviction of violating the law relating to the taking
of food fishes.  Affirmed.

*Chas. E. Miller* and *John A. Homer*, for appellant.

*Rob't G. Chambers*, for respondent.

PARKER, J.—The defendant was convicted in the superio1
court of the offense of fishing for and taking salmon fronr
the waters of Willapa Harbor on August 10, 1911, during
the closed season, in violation of the law relating to the
taking of food fishes, providing, among other things, as
follows:

"It shall be unlawful to take or fish for salmon in the
waters of Willapa Harbor or its tributaries from the 15th
day of March to the 15th day of April, and the 1st day of
August to the 1st day of September and from the 5th day
of December to the 5th day of January in each year."  Laws
1911, page 496.

He has appealed to this court, relying for a reversal of
the judgment rendered against him upon his claim of the
unconstitutionality of this law.

[1]Reported in 125 Pac. 168.

Counsel for appellant contend in substance that the classification of the waters of the state by the law for the regulation of the taking of food fishes is arbitrary and unreasonable, that the law deprives him of liberty and property without due process of law, and that the law denies to him equal protection and privileges with others. Counsel for appellant seem to proceed upon the theory that some inherent privilege or property right belonging to him is attempted to be invaded by this law. Let us first notice the real nature of the right of appellant which it is said this law curtails. The decisions of the courts in this country, so far as they have come to our notice, are all in unison in holding that there is no private right in the citizen to take fish or game, except as such right is either expressly or inferentially given by the state. In *State v. Snowman,* 94 Me. 99, 46 Atl. 815, 80 Am. St. 380, 50 L. R. A. 544, the court said:

"The fish in the waters of the state, and the game in its forests, belong to the people of the state, in their sovereign capacity, who, through their representatives, the legislature, have sole control thereof, and may permit or prohibit their taking."

In *Smith v. State,* 155 Ind. 611, 58 N. E. 1044, 51 L. R. A. 404, the court said:

"The individual has no natural right to take game, or to acquire property in it, and all the right he possesses or can possess in this respect is granted him by the state."

In *Ex parte Maier,* 103 Cal. 476, 37 Pac. 402, 42 Am. St. 129, this view is expressed in equally strong language as follows:

"The wild game within a state belongs to the people in their collective, sovereign capacity; it is not the subject of private ownership, except in so far as the people may elect to make it so; and they may, if they see fit, absolutely prohibit the taking of it, or any traffic or commerce in it, if deemed necessary for its protection or preservation, or the public good."

Among the numerous authorities which might be cited in support of this view, the following may be noted: *Magner v. People*, 97 Ill. 320; *State v. Hume*, 52 Ore. 1, 95 Pac. 808; *Sherwood v. Stephens*, 13 Idaho 399, 90 Pac. 345; *Hornbeke v. White*, 20 Colo. App. 13, 76 Pac. 926; *Lawton v. Steel*, 152 U. S. 133; *Geer v. Connecticut*, 161 U. S. 519.

The doctrine of these holdings render it plain that no private right or privilege of the appellant is invaded by this law unless, as he contends, it grants privileges to others which are withheld from him. So far as the law relates to the right to fish in the waters of Willapa Harbor, it could hardly be seriously argued that there is any granting or withholding of privileges except as to all people upon exactly the same terms and conditions. Appellant clearly has all the rights there that any one else has under this law. But it is insisted that, since the restrictions placed by this law upon the right to take salmon from Willapa Harbor applies only to the waters of that harbor, there being other waters in the state where salmon may be taken without this same restriction as to time, the law thus becomes in effect class legislation, and as such is arbitrary and unreasonable to the extent that the court should declare it unconstitutional. Counsel's contention is, in effect, that this classification of territory has the same effect as the classification of persons. But it manifestly is not the latter. No decisions have come to our notice, and we think that there are none, holding that a legislature may not classify the territory within a state for the purpose of making different regulations or restrictions in different portions of the state relative to the taking of fish or game. It is easily conceivable that there may be sound reasons for such legislative classification, and this is sufficient to induce the courts to refrain from inquiring into the reasons moving the legislature to make such classification.

In the early case of *Hayes v. Territory*, 2 Wash. Ter. 286, 5 Pac. 927, a game law applicable only to certain counties

of the territory was attacked as being in violation of the organic law of the territory. The court there said:

"The game law in question restricted hunting in five counties only. It is contended that, for this reason, it is inconsistent with that inhibition in the organic act which forbids the legislature from granting special privileges. But the provisions of this game law fall without distinction upon all inhabitants of the territory. All are forbidden to hunt at certain seasons within the counties named. There is no special privilege, . . ."

In the comparatively recent decision by the supreme court of Oregon in *Portland Fish Co. v. Benson*, 56 Ore. 147, 108 Pac. 122, dealing with an order of the board of fish commissioners closing certain streams from fishing for a certain season, made by authority of a statute, the court said:

"Again, it is urged by plaintiffs that the order of the board denies equal protection of the law to plaintiffs in that the notice has the effect to close portions of the stream leaving other portions of it open, but this affects the locality and not the individual; where the stream is open it is open to everybody, and there is no discrimination or spoliation of property. A law that operates only in a limited territory to accomplish a specific purpose does not deny equal protection of the laws, as it affects all persons equally and impartially who are similarly situated."

*State v. Storey*, 51 Wash. 630, 99 Pac. 878, and *McKnight v. Hodge*, 55 Wash. 289, 104 Pac. 504, are in harmony with this view.

We conclude that the judgment of the superior court must be affirmed. It is so ordered.

CROW, CHADWICK, and GOSE, JJ., concur.