[No. 15505.   Department One.   January 13, 1920.]

## H. KUBEY, *Respondent,* v. TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA, *Appellant.*[1]

APPEARANCE (8) — GENERAL OR SPECIAL — ANSWER TO MERITS — WAIVER.   A special appearance to quash service of a summons is waived where, after the motion was overruled, the party appeared generally by answer without preserving the special appearance.

EVIDENCE (24)—PRESUMPTIONS—MAILING AND DELIVERY OF LETTER. There is a legal presumption that a letter properly addressed and mailed reached the party to whom it was addressed.

INSURANCE (188)—ACCIDENT INSURANCE—NOTICE TO INSURER—EVIDENCE—QUESTION FOR JURY.   Whether an insurance company received notice of an accident is a question for the jury, where the evidence of the insured's son that he made out and mailed notice of the claim was corroborated by his sister who was present, notwithstanding he admitted having written to the company only on two occasions, which his letters show to have been at a different time.

APPEAL (142) — PRESERVATION OF GROUNDS — INSTRUCTIONS — REQUESTS AND EXCEPTIONS.   Error cannot be assigned on excessiveness in a recovery for weekly indemnity during a continuance of a disability, not exceeding 104 weeks, in an action commenced before expiration of such period, where there was no request for a correct instruction as to the measure of damages, and no exceptions to the instructions given.

Appeal from a judgment of the superior court for King county, French, J., entered March 18, 1919, upon

[1] Reported in 187 Pac. 335.

the verdict of a jury rendered in favor of the plaintiff, in an action on an accident insurance policy.   Affirmed.

*Grinstead & Laube,* for appellant.

*Walter B. Allen,* for respondent.

MAIN, J.—This action was instituted for the purpose of recovering upon a policy of accident insurance, for alleged permanent disability.   The defendant appeared specially and moved to quash the service, which motion being overruled, it subsequently answered.   The cause was tried to the court and a jury, and resulted in a verdict for the plaintiff.   At the conclusion of the plaintiff's testimony, the defendant challenged the sufficiency thereof and moved for a directed verdict. This was overruled, and the motion was repeated at the conclusion of all the evidence, with a like result. At appropriate times a motion for a judgment notwithstanding the verdict and a motion for a new trial were interposed and overruled.   Judgment was entered upon the verdict, from which the defendant appeals.

The preliminary facts may be summarized as follows:   The appellant, so far as this case is concerned, may be described as a mutual benefit accident association, incorporated under the laws of the state of Missouri, with its principal office in the city of St. Louis, in that state.   When a person became a member of the association, there was issued to him what is designated as a certificate of membership.   This certificate provides on its face that any member meeting with an accident must notify the national secretary in writing within thirty days after such accident, giving full particulars of the same and name of the attending physician, and failure to so notify bars recovery, except in cases not material in the present action.   This certificate also provides that the constitution and by-laws

promulgated by the association shall be deemed a part of the certificate. The constitution makes provision for the organization, in states other than the state of Missouri, of what is known as "divisions," and sub-organizations under such divisions, designated as "posts." Each post adopts a constitution and by-laws and meets at regular intervals.

The respondent held a certificate of membership in the appellant corporation and was a member of the Washington Division, Post A. On July 8, 1917, while in his place of business in the city of Seattle, he slipped and fell, striking his head upon a box. Soon thereafter the use of his left side became impaired and he had to be assisted to his home. The paralytic condition continued until the time of the trial, and there can be no question but what the affliction was permanent. Other facts will be stated in connection with the particular points to which they may be germane.

It is first claimed that the superior court did not acquire jurisdiction of the cause by proper service of process. Apparently there was an attempt to serve process upon one David Brown, secretary of Washington Division, Post A, but there is no return of such service in the record. There was also an attempt to acquire jurisdiction by the service of process upon the state insurance commissioner, and the record shows a return of such service. Whether service could be had upon the secretary of the local post would depend first upon whether the company was doing business in this state. It had not complied with the insurance code, and no license had been issued to it by the insurance commissioner. Without detailing the facts in full, it may be said that, under the facts in the record, it is probable that the appellant was doing business in this state and that the service upon Brown as its agent would confer jurisdiction, but this question has become

immaterial, as well as the question as to whether the other attempted service was good, since, after the motion to quash the service was overruled, the appellant appeared generally by answer, asked for judgment on the merits, but did not preserve in such answer its special appearance. It therefore waived the special appearance. *Morris v. Healy Lumber Co.,* 33 Wash. 451, 74 Pac. 662; *Hodges v. Price,* 38 Wash. 1, 80 Pac. 202; *Gaffner v. Johnson,* 39 Wash. 437, 81 Pac. 859; *Columbia & Puget Sound R. Co. v. Moss,* 53 Wash. 512, 102 Pac. 439; *In re Martin's Estate,* 82 Wash. 226, 144 Pac. 42. Those cases were cited with approval in *Matson v. Kennecott Mines Co.,* 103 Wash. 499, 175 Pac. 181, but that case differs from the present in this: that there, after the motion to quash had been overruled, the defendant preserved in its answer its special appearance.

It is next claimed that the respondent did not notify the appellant of his accident within thirty days from the time it occurred, as required by the certificate of membership, and that therefore he cannot recover. A young man, who was the son of the respondent, testified that, within a week after the accident happened, he wrote upon the business stationery of the respondent a letter to the national secretary of the association advising the company of the occurrence of the accident, told the name of the attending physician, requested blanks for the making out of a claim, and such other advice as might be needed. He testified that this letter was written in the evening at the home of his parents, where has was residing, and that he mailed it the following morning. In this the witness is corroborated to this extent by a sister, a young woman who testified that she was present when the letter was written, heard it discussed among the members of the family, and also the following morning heard her mother specifi-

cally call her brother's attention to the letter and ask him to be sure and mail it. The young man, during his testimony, in answer to a question, stated that he wrote to the company only on two occasions. The defendant produced two letters written by the son which had been received by the company in due course, one dated January 9, 1918, and the other February 5th following. A witness for the appellant also testified that no other letters had been received. The appellant's position is that production of these two letters, together with its testimony that no other letters had been received, and the testimony of the respondent's witness that he wrote only two letters, is sufficient to take the case from the jury and enable the court to decide, as a matter of law, that the testimony as to the writing of a letter within a week after the accident had been overcome. But we cannot accept this view. As already stated, the son of the respondent testified positively and unequivocally that he had addressed and mailed the letter within a week after the accident. A sister of this witness testified positively as to its being written within a week after the accident, and that the matter was referred to in conversation in the home from time to time. Whatever the court may think as to the weight of the testimony, there was substantial evidence that the letter was written and mailed within a week after the accident, and the question does not become one of law for the court. The legal presumption is that the letter reached the addressee, and it was for the jury to determine from all the evidence whether it was received by the appellant. *Malloy v. Drumheller*, 68 Wash. 106, 122 Pac. 1005.

It is further claimed that the respondent's condition was not produced solely by the accident, and that therefore he cannot recover. The constitution of the appellant company contained a provision that, before re-

covery could be had, the accident must produce the condition for which recovery was sought, "independently of all other causes." Upon the question as to whether the respondent's paralytic condition was produced solely by the accident and was not contributed to by an ailment with which he was then and for some time prior had been afflicted, the evidence is conflicting. There is evidence to support the finding of the jury that the condition was produced by the accident independently of all other causes. The jury's verdict upon this question will be controlling.

Finally, it is contended that the verdict is excessive. For total disability the respondent was entitled to $25 per week during a continuance of such disability, not to exceed one hundred and four weeks. The payment of $25 was to be made in weekly installments. At the time the action was instituted, one hundred and four weeks had not elapsed since the accident. The amount of recovery sought was the sum that would accrue during the entire one hundred and four weeks. The question of the amount of damages is not here subject to review, since the instruction stating the correct measure of damages was not requested, and the record contains no exceptions to the instructions given by the court.

This case differs from the case of *Richardson v. Great Western Motors, ante* p. 324, 187 Pac. 333, in that there the findings and conclusions of the court as to the measure of damages were excepted to, and the cause, being tried to the court, was heard here *de novo*.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, and PARKER, JJ., concur.