[No. 33738. Department One. December 27, 1956.]

P. W. JUDD et al., *Appellants*, v. W. R. BERNARD et al.,
*Respondents*.[1]

*Lewis & Correa*, for appellants.

*The Attorney General* and *Joseph T. Mijich, Assistant*,
for respondents.

ROSELLINI, J.—The plaintiffs in this suit seek to enjoin
the defendants, members of the state game commission,
from poisoning the fish in Lake St. Clair, on which they

[1]Reported in 304 P. (2d) 1046.

are littoral owners. They alleged in their complaint that the killing of the fish would deprive them of their property rights in the fish and pollute the waters which they use for domestic purposes.

█ The cause was tried to the court, which entered findings of fact to which no error has been assigned. Neither has there been any assignment of error to the court's failure to enter proposed findings of fact. The facts found, therefore, have become the established facts of the case. Rule on Appeal 43, 34 A Wn. (2d) (Sup. No. 6) 12; *Downie v. Cooledge*, 48 Wn. (2d) 485, 294 P. (2d) 926.

The facts are as follows:

"I. That the plaintiffs are littoral owners on Lake St. Clair, which lake is located in Section 6, Township 17 N., Range 1 E., of the Willamette Meridian, and Sections 29, 31 and 32, Township 18 N., Range 1 E. of the Willamette Meridian in Thurston County, Washington; that some of the plaintiffs reside on said lake and some have paid taxes on part of the bed thereof.

"II. That Dr. W. R. Bernard, Walt Failor, J. A. Loudon, Claude C. Snider, Edson Dow, and Richard S. Seward are the duly appointed, qualified and acting members of the Game Commission of the State of Washington; that the defendant, John A. Biggs, is the duly appointed qualified and acting Director of the Department of Game of the State of Washington.

"III. That the State of Washington owns an access area abutting on Lake St. Clair for the use of the public and has carried on a study of the conditions in said lake with a view of rehabilitating the fishlife therein.

"IV. That Lake St. Clair is a natural body of water covering approximately 270 acres of water-bed; that said lake has one known inlet and no visible outlets; that said lake is not meandered, and has no commercial use other than for public boating, swimming and fishing in connection with two profit-making resorts thereon; that said lake is non-navigable.

"V. Following completion of the study mentioned in Paragraph III above, and after holding two public hearings on the subject, the Washington State Game Commission, acting pursuant to RCW 77.12.240 and RCW 77.12.420, determined that in its judgment it was necessary for proper game fish management to rehabilitate Lake St. Clair by

eradicating the present fishlife therein and replacing said fishlife with fish which in its judgment is best suited to the food supply and conditions in said lake, and on August 16, 1955, passed a resolution directing the Department of Game to proceed with such program.

"VI. That the chemical to be used to eradicate the present fishlife in Lake St. Clair, rotenone, although effective on the fish, does not prevent the use of the water or the fish for domestic consumption according to Department of Health standards.

"VII. That the State Game Department will take positive steps to remove the dead fish from Lake St. Clair after they are poisoned in order to minimize or prevent any pollution of either air or water which could possibly be caused by dead fish."

■ The sole question before us is whether these findings support the judgment which was entered, dismissing the plaintiffs' complaint. It is the contention of the plaintiffs that the proposed actions of the game commission will create a nuisance. According to the findings, the placing of rotenone poisoning in the water will not render it unfit for domestic use, and, the dead fish will be removed. Under these circumstances, there is nothing threatened which could constitute a nuisance. And, even if the killing of the fish should create a condition which would ordinarily be termed a nuisance, the activity could not be enjoined by the courts. The director of the game commission is expressly authorized to engage in such activities by statute. RCW 77.12.240 provides:

"The director may remove or kill any wild animal, game fish or wild bird that in his judgment is destroying or injuring property, or when, in the judgment of the commission, such killing or removal is necessary for scientific research, or for proper game or game fish management."

RCW 7.48.160 provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

■ The possible liability of the director or his employees for negligently carrying out the authorized acts is a question not before us in this case. Neither can it be seriously contended, under the facts found, that the proposed acts

would constitute a taking or damaging of private property within the meaning of the state constitution, Art. I, § 16 (amendment 9), or the United States constitution, amendment 14.

The appellants further contend that the representatives of the game commission have no right to go on those portions of the lake under which they own title to the bed. They attempt to distinguish *Snively v. Jaber,* 48 Wn. (2d) 815, 296 P. (2d) 1015, holding that riparian owners enjoy such rights as boating, fishing, and swimming in common, on the ground that the boundaries of their portions of the lake bed have been determined; whereas, no such determination had been made in that case. The holding in that case regarding the right to use the surface of the lake was not based upon the fact that the lake bed boundaries had not been determined, but on the reasoning that these riparian rights, if not enjoyed and exercised in common, cannot be enjoyed or exercised at all.

That the fish in the waters of this state and the game in its forests belong to the people of the state has been recognized by statute (RCW 77.12.010) and by court decision. *Wiegardt v. State,* 27 Wn. (2d) 1, 175 P. (2d) 969; *McMillan v. Sims,* 132 Wash. 265, 231 Pac. 943; *Vail v. Seaborg,* 120 Wash. 126, 207 Pac. 15; *State v. Tice,* 69 Wash. 403, 125 Pac. 168. Furthermore, according to the findings, the state owns an access area abutting on the lake in question.

In *McMillan v. Sims, supra,* it was pointed out that the wisdom of an administrative regulation dealing with the management of fish is not subject to judicial review. We said in that case:

"To enter upon a judicial inquiry as to the reasonableness or wisdom of this order, with a view of testing its force and validity, would be but to usurp legislative and lawfully delegated administrative powers of the state having to do with the disposition of the state's own property."

We have before us no record of the administrative proceedings on which to base a review of the game commission's decision; however, were we presented with such

a record, we would have no right to inquire into the wisdom of that decision. The appellant's contention that the killing of the fish is unnecessary and undesirable is therefore without merit.

On the facts found, the court correctly refused to issue an injunction prohibiting the game commission from carrying out its statutory and administrative duties.

The judgment is affirmed.

DONWORTH, C. J., SCHWELLENBACH, HILL, and FINLEY, JJ., concur.