[No. 33915. Department One. May 2, 1957.]

C. E. HOWARD, *Appellant*, v. CATHERINE W. BARRINGTON *and* GRETCHEN M. JONES, *Individually and as Executrices of the Estate of Ella Gage, et al., Respondents.*[1]

*Donald L. Burcham,* for appellant.

*McKevitt, Snyder & Thomas,* for respondents.

PER CURIAM.—This was an action by a tenant whose three-year lease of a one-hundred-forty-seven-acre farm expired October 1, 1954, to recover $1,956.50 for tilling and preparing for the growing of wheat on forty-seven acres of the farm during the summer of 1954, and seeding it to wheat on September 23 and 24, 1954; and to foreclose a lien on the wheat grown thereon in consequence of such tilling, preparation, and seeding.

The trial court dismissed the action, finding that except for the seeding on September 23rd and 24th, all of the work done on the forty-seven acres, for which compensation and the lien were claimed, was for the purpose of weed control and eradication, which was required by the express terms of the lease; and that the seeding was a purely voluntary act performed at a time when the tenant knew the property was being sold, and after he had been specifically told not to seed by the executrices of the lessor's estate. The tenant appeals.

[1] Reported in 310 P. (2d) 537.

Five of the seven assignments of error are directed to findings of fact made by the trial court, or its refusal to make findings requested by the appellant. The appellant, with one exception hereinafter noted, has failed to comply with that portion of Rule on Appeal 43, as amended, effective January 2, 1953, 34A Wn. (2d) 47, which provides:

" . . . In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief. . . ."

The exception referred to is one paragraph in appellant's brief wherein it is stated:

"The Court erred in Finding VI in stating 'all conversations and correspondence between plaintiff and defendants were in said defendants' capacity as executrices only' and *in finding that defendants instructed plaintiff not to seed.* The same statement that defendants acted as executrixes only is made in Finding VII. Finding II of the Second cause of action and is not supported by the evidence." (Italics ours.)

Except for the italicized portion, the findings referred to in the foregoing quotation from the brief are not material to the conclusions and judgment of the trial court. The court's finding that defendants instructed plaintiff not to seed is amply supported by the record and, indeed, the appellant himself concedes in his proposed findings that the respondents Barrington and Jones " . . . told him [appellant] not to seed for the 1955 crop as they might sell the land. . ."

All other findings must be accepted as the established facts because of appellant's failure to comply with the quoted portion of Rule on Appeal 43, *supra*. *Mallicott v. Nelson* (1956), 48 Wn. (2d) 273, 293 P. (2d) 404; *Judd v. Bernard* (1956), 49 Wn. (2d) 619, 304 P. (2d) 1046.

The other two assignments of error relate to the conclusions of law drawn from the facts as found by the trial court,

and the failure to make the conclusions of law proposed by the appellant. The conclusions of law, as drawn by the trial court, necessarily followed from the findings of fact, as did the judgment of dismissal.

Judgment affirmed.