[No. 34219.  Department Two.  October 17, 1957.]

E. J. ZARELLI *et al., Respondents,* v. SUPERIOR DISTRIBUTING CORPORATION, *Appellant.*[1]

*Dean W. Mullin (Thomas K. Hudson* and *Alice Loveland,* of counsel), for appellant.

*Paul Hoffman, Jr.,* and *Robert R. Briggs,* for respondents.

PER CURIAM.—Respondents, who were plaintiffs below, sued the appellant Colorado corporation, defendant below, upon matters arising out of a written contract for the purchase of machines.  By special appearance, appellant moved to quash the service of the summons and complaint upon it because appellant, a Colorado corporation, had not qualified to do business in Washington and had never done business here.  The motion was denied, and thereafter, without preserving its special appearance, appellant answered on the merits.  After trial the court found for the respondents

[1]Reported in 316 P. (2d) 465.

and entered judgment against appellant in excess of eight thousand dollars.

The first error assigned is the overruling of the appellant's motion to quash the service of the summons and complaint. This cannot be considered for two reasons:

(1) The factual showing upon which the motion was heard and decided is neither identified in the motion or order denying it, nor brought up in the statement of facts, although there is one affidavit in the transcript.

By a long line of cases over a period of more than sixty years, it is settled law that affidavits supporting or opposing motions appearing only in the transcript cannot be considered upon appeal. The affidavits or other factual showing upon which such motions are determined must be brought up in the statement of facts and cannot be otherwise considered. *Whitehead v. Satran,* 37 Wn. (2d) 724, 225 P. (2d) 888; *Sellers v. Pacific Wrecking & Salvage Co.,* 34 Wash. 111, 74 Pac. 1056; *Griggs v. MacLean,* 33 Wash. 244, 74 Pac. 360; *Norfor v. Busby,* 19 Wash. 450, 53 Pac. 715; *Jacobson v. Lunn,* 16 Wash. 487, 48 Pac. 237; *Heffner v. Board of County Com'rs of Snohomish County,* 16 Wash. 273, 47 Pac. 430. The rule is otherwise if the affidavits or other evidentiary materials are identified in the judgment or order. *State v. Fackrell,* 44 Wn. (2d) 874, 271 P. (2d) 679, in which many of the other cases are referred to; *State ex rel. Potter v. Maybury,* 161 Wash. 142, 296 Pac. 566.

(2) After the motion to quash was overruled, the appellant answered on the merits without preserving its special appearance, thereby making its appearance general under RCW 4.28.210.

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

*Kubey v. Travelers' Protective Association,* 109 Wash. 453, 187 Pac. 335; *Steenstrup v. Toledo Foundry & Machine Co.,* 66 Wash. 101, 119 Pac. 16, Annotated Cases, 1913C 427; *Bellingham v. Linck,* 53 Wash. 208, 101 Pac. 843; *Bain v. Thoms,* 44 Wash. 382, 87 Pac. 504; *Gaffner v. Johnson,* 39 Wash. 437, 81 Pac. 859; *Hodges v. Price,* 38 Wash. 1, 80 Pac. 202; *Morris v. Healy Lbr. Co.,* 33 Wash. 451, 74 Pac. 662; *Walters v. Field,* 29 Wash. 558, 70 Pac. 66.

█ The remaining assignments of error involve factual disputes. One assignment is that the court erred in its finding on damage but none of the findings of fact are set out in the appellant's brief as required by Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

"In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief."

The findings are verities. *Howard v. Barrington,* 50 Wn. (2d) 225, 310 P. (2d) 537; *Judd v. Bernard,* 49 Wn. (2d) 619, 304 P. (2d) 1046; *Pettaway v. Commercial Automotive Service,* 49 Wn. (2d) 650, 306 P. (2d) 219; *McKennon v. Anderson,* 49 Wn. (2d) 55, 298 P. (2d) 492; *Kaul v. Chehalis,* 45 Wn. (2d) 616, 277 P. (2d) 352.

The facts found are amply sufficient to support the judgment, and no useful purpose would be served by restating them.

The judgment is affirmed.