[No. 35228. Department One. March 24, 1960.]

ELAINE CARLSON, *Respondent*, v. THE CITY OF WENATCHEE, *Appellant.*[1]

*Sam R. Sumner, Sr.* and *Sam R. Sumner, Jr.*, for appellant.

*Robert E. Conner*, for respondent.

OTT, J.—January 15, 1958, at approximately 1:15 p. m., Elaine Carlson was walking in a pedestrian lane along Columbia street in the city of Wenatchee. Upon arriving at the intersection of Columbia street and Orondo avenue, she turned to her right to proceed on the Orondo avenue sidewalk. As she was turning the corner, she struck a traffic

[1] Reported in 350 P. (2d) 457.

signal control box, fell to the sidewalk, and was injured. The control box was attached to a power pole adjacent to the sidewalk, at a height of approximately five feet above the sidewalk. Approximately six inches of the box extended over the sidewalk. The corner in question is shown above.

Elaine Carlson timely filed a claim for her damages with the city of Wenatchee, alleging

" . . . that the box was negligently maintained by the city and negligently placed there with disregard for the rights and safety of passersby and that further the placement and maintenance of said box constituted a nuisance and obstruction; . . ."

The claim was disallowed. She then instituted this action against the city, alleging that the city had constructed and maintained an unlawful nuisance. The allegation of her amended complaint in this respect is as follows:

" . . . that the placement and maintenance of said box in the above place and manner constituted an obstruction to pedestrian traffic on the Orondo Street sidewalk and the area on Columbia Street and as such constituted an unlawful nuisance; . . ."

The city's answer denied that the condition created by the placement of the traffic control box constituted a nuisance, and affirmatively alleged that traffic regulation was an authorized governmental function.

The cause proceeded to trial before a jury. At the close of the evidence, the defendant city moved for dismissal. The motion was denied. The jury returned a verdict for the plaintiff and, from the judgment entered thereon, the defendant city of Wenatchee has appealed.

■ The appellant contends that the court erred in failing to dismiss at the close of the evidence. We agree with this contention. The respondent had the burden of proving that "the placement and maintenance of said box . . . constituted an *unlawful nuisance*." (Italics ours.) The respondent's only evidence with reference to the placement of the traffic control box was that of the city engineer. He testified, *inter alia,* that the unit, consisting of a traffic control box, switch box, and electric meter, was installed under his direction and supervision. He further stated that the unit was installed for the purpose of traffic regulation and safety, and that it was a necessary part of the installation of the traffic control signal light at that intersection. He further testified: "This is a typical installation, standard, as we call it."

In addition to this testimony, counsel for appellant and for respondent stipulated as follows:

". . . We wish to stipulate and agree that the regulations of the electrical department in the City of Wenatchee require that in connection with any installation like this that there also be installed a meter, and that meter may not be installed more than seven feet above the sidewalk. We also wish to stipulate into the record that with every such installation that the regulations require that there be a separate switch control box outside of the box itself, and also that this is the standard and customary height for the placement of the boxes within the City of Wenatchee."

With reference to the placement and maintenance of the box in question, respondent's evidence established (1) that the traffic control box was a necessary part of the traffic control system of the city of Wenatchee, and (2) that its placement on the power pole was standard construction.

Public sidewalks and streets are for public use. Electrically controlled traffic signals, which are designed for both manual and automatic operation, are installed on sidewalks and streets for the regulation and protection of pedestrian and vehicular traffic. It is necessary that the switches and controls be at such height above the sidewalk or street as to be within reach and readily accessible for servicing. A part of the area above the sidewalk or street is commonly used for these necessary installations.

The legislature has defined private and public nuisances. The respondent relies upon RCW 7.48.120, which provides:

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission . . . unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, . . . any public . . . street or highway; . . ."

The legislature, in the exercise of its discretion, has also defined what is *not* a nuisance. RCW 7.48.160 provides: "Nothing which is done or maintained under the express authority of a statute, can be deemed a nuisance."

The controls and traffic lights are placed and maintained in the city of Wenatchee under express authority of statute. RCW 47.36.060, 46.60.230. The manner of the placement

of the control box was not unlawful. Its placement was in accordance with standard practices and was not shown to be manifestly unreasonable. Although the mechanism in question did protrude over the sidewalk for some six inches, it constituted a condition which the legislature has said cannot be "deemed a nuisance." See *Judd v. Bernard*, 49 Wn. (2d) 619, 304 P. (2d) 1046 (1956), and *Mola v. Metropolitan Park Dist.*, 181 Wash. 177, 42 P. (2d) 435 (1935).

The judgment is reversed, and the cause remanded with instructions to enter a judgment of dismissal.

WEAVER, C. J., MALLERY, and DONWORTH, JJ., concur.

HUNTER, J. (dissenting)—I dissent. The jury could have found the control box as erected constituted a "trap" endangering the safety of pedestrians lawfully proceeding around the corner from Columbia street up Orondo avenue. This manner of installation was manifestly unreasonable and unnecessary, and the trial court was correct in submitting to the jury the issue of the city's liability to the respondent, under the circumstances of this case.

The judgment entered by the trial court upon the jury verdict should be affirmed.

---

September 23, 1960. Petition for rehearing denied.