[No. 6903. Decided November 20, 1907.]

I. P. CALHOUN *et al.*, *Respondents*, v. JOHN NELSON, *a Minor*, and FREDERICK HILTON, *as Guardian*, *Appellants*.[1]

ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY. The evidence is insufficient to support a defense of adverse possession, where it appears that defendant was a boy, ten years of age, living with his mother at the time of the institution of the alleged adverse holding, without any color of title, or any adverse claim as to the other older members of the family, none of whom made any claim to the property.

APPEARANCE—PROCESS—WAIVER. A voluntary answer constitutes a general appearance and waives service of process.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 22, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to recover possession of real property. Affirmed.

*Wheeler & Skeel*, for appellants.

*H. B. Madison* and *Blaine, Tucker & Hyland*, for respondents.

DUNBAR, J.—This action was brought by the respondents against the appellants, under § 1142 of Pierce's Code (Bal. Code, § 5500), for the recovery of the possession of the north-

[1]Reported in 92 Pac. 448.

east quarter of section 24, township 22, north, range 5, east,
W. M. The complaint alleged ownership, and that respondents were entitled to the possession thereof, and that the appellants were in possession of a portion of said real estate and were claiming title thereto. The defense on the merits was that neither the plaintiffs nor their ancestors had been seized or possessed of the premises within ten years prior to the commencement of the action, and that the defendant John Nelson, had, for more than ten years, to wit, since the 29th day of May, 1896, been in actual, visible, open, notorious, exclusive, hostile, adverse, and continuous possession of the premises under a claim of right and color of title. There was also a defense made under the seven-year statute in relation to the payment of taxes, but upon the defendant John Nelson testifying that he never had paid any taxes, this defense was withdrawn. Upon the conclusion of the testimony, the court gave judgment for the plaintiffs in accordance with the prayer of the complaint.

The record shows such an absolute want of proof to sustain the defense interposed to the complaint that it is difficult to discuss it. The plaintiffs proved title through two sources, one a tax foreclosure and the other a mortgage foreclosure. It seems that, after the foreclosure against the defendant John Nelson's father, in the year 1895, the father and his family, including the defendant, who was then nine years old, were permitted to remain on the premises. The father died in March, 1896, leaving his wife and five children on the farm, the defendant being then ten years old. So that it will be seen that to make his claim of adverse possession available it must have commenced at that early age. He was, however, then living with his mother and presumably under her control. The mother died in 1899, and at the time of her death the testimony shows that she with all the children had moved to the home of a neighbor by the name of Johnson. Said defendant, however, testifies that during that time he was on the

place every day looking after things. Immediately after the death of the mother, the children again took up their abode on the farm, two of the children, one sister and one brother, being older than the defendant. The older sister was eventually married and moved away. The other sister went to live with her, and the older brother finally left the place to take a homestead, while the youngest brother went to live, and is at present living, with the neighbor Johnson above mentioned.

There was no attempt to prove color of title or claim of right. Under such a state of facts, there was no escape from the conclusion reached by the court that "it was a novel proposition that a boy ten years old, living on property with his mother and brothers and sisters, was there holding adversely and claiming title as against all the world, which he must do to acquire title." Of course the presumption must be that he was under the control of his mother while she lived, and the testimony of the defendant's own witnesses is to that effect as a matter of fact. The defendant himself declined to testify that he had any thought of holding adversely to the interests of his brothers and sisters who lived with him. In short, there was no testimony whatever to support the affirmative defenses pleaded.

On the question of service, we think the defendants were legally served. In any event, they voluntarily answered, thereby making a general appearance in the case.

No error was committed by the court in the admission of testimony. No other judgment could have been rendered under the pleadings and testimony, and it is therefore affirmed.

HADLEY, C. J., ROOT, MOUNT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.