[No. 9699.  Department One.  December 1, 1911.]

PAUL STEENSTRUP, *Respondent*, v. TOLEDO FOUNDRY & MACHINE COMPANY, *Appellant*.[1]

CONTINUANCE—ABSENCE OF COUNSEL—DISCRETION.  It is not an abuse of discretion to refuse to grant a continuance upon the ground of the absence of nonresident counsel for the defendant, who was familiar with the facts and expected to try the case, but was sick at his home in another state and could not be present at the trial, resident counsel claiming that he was not in a position to intelligently conduct the defense; such a continuance being a matter of grace.

CONTINUANCE—GROUNDS—FAILURE TO ANSWER INTERROGATORIES.  A continuance need not be granted for failure of the plaintiff to answer interrogatories, where they were not served until six months after the commencement of the action, and at a time when the case had been or was about to be set for trial, and a motion to strike the interrogatories was pending, with no effort made to dispose of the motion.

APPEARANCE—EFFECT—PROCESS—WAIVER OF SUMMONS.  An answer on the merits by a foreign corporation, with a cross-complaint seeking a money judgment, is a general appearance that waives any error in denying defendant's motion to quash service of a summons.

EVIDENCE—WRITTEN CONTRACT—ADMISSIBILITY OF PAROL EVIDENCE—CONSTRUCTION BY PARTIES—CONTEMPORANEOUS AGREEMENT.  A written contract for the sale of a steam shovel f. o. b. at Toledo, Ohio, to be set up, demonstrated, and guaranteed, at Seattle, Washington, which provided that the buyer was to pay all expenses of unloading, installing and operating the shovel for demonstration, except the expenses of an engineer, and that if the shovel was not up to guarantee, the seller would refund whatever payment it had received, is not clear and certain as to which party was to pay the cost of freight if the shovel was not as guaranteed; and accordingly it is admissible to show that, before the parties signed the contract, the seller wrote a letter to its agents, which was shown to the buyer, representing that the freight charges would be refunded in case the shovel was not as guaranteed.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 22, 1911, upon find-

[1] Reported in 119 Pac. 16.

ings in favor of the plaintiff, in an action on contract, after a trial before the court without a jury.   Affirmed.

*Wesley J. Wuerfel* (*James T. Lawler*, of counsel), for appellant.

*Gill, Hoyt & Frye* and *R. L. Blewett*, for respondent.

PARKER, J.—This is an action to recover the sum of $1,123.15, paid by the plaintiff for freight charges upon a steam shovel which was shipped from Toledo, Ohio, to Seattle, in pursuance of a contract for the sale thereof from the defendant to the plaintiff.   A trial resulted in findings and judgment in favor of the plaintiff, and against the defendant for that sum.   The defendant has appealed.

It is first contended that the trial court erred in denying appellant's motion for a continuance of the trial.   Appellant is a corporation of Toledo, Ohio.   This action was commenced in May, 1910.   The trial was set for December 16, 1910.   Appellant has been, at all times since June 10, 1910, represented in the case by James T. Lawler, a resident attorney of Seattle, and also by Wesley J. Wuerfel, an attorney of Ohio, residing at Toledo, in that state, who is not a member of the bar of this state, though it may be conceded that he may be granted the privilege of appearing and practicing in our courts under Rem. & Bal. Code, § 120. On December 16, 1910, Mr. Lawler, as attorney for appellant, moved the court for a continuance of the trial, supported by his affidavit, stating in substance, that Mr. Wuerfel, as one of the attorneys for appellant, had the principal charge of the case, and was the only attorney in the case who was acquainted with the facts and prepared to act for appellant upon the trial; that he, Lawler, did not have such knowledge of the facts as to be in a position to intelligently conduct the defense; that it was understood between him and Mr. Wuerfel that Mr. Wuerfel would try the case on behalf of appellant; that technical matters were involved in refer-

ence to steam shovels with which he was not familiar, but with which Mr. Wuerfel was familiar; that Mr. Wuerfel was then sick at his home at Toledo, and unable to be present at the time the trial was then set for; and that certain interrogatories which had been propounded and served upon respondent had not been answered.

So far as this motion rests upon the absence of Mr. Wuerfel from the state, we think there was no abuse of discretion on the part of the trial court in denying the motion. While our law contemplates extending the courtesy of practicing in our courts to attorneys of other states, we do not think that our courts are thereby required to delay the trial of causes to await the convenience of such attorneys to be present and participate therein. There may be circumstances under which a trial court might be justified in delaying a trial for such a purpose, but for this court to say that the refusal of a trial court to do so would be an abuse of its discretion would require a showing of far greater necessity for the presence of such nonresident attorney than is made in this case. Indeed, it may well be doubted that a party to an action has any right to be represented by nonresident counsel except when such counsel is present in the state when the action is pending at such times as the presence of counsel is required in the action. To say that the enforced absence of nonresident counsel gives cause for continuance under similar circumstances as the enforced absence of resident counsel, would render possible delays such as the law never contemplated. The disposition of the vast amount of litigation pressed upon the attention of our courts cannot be subjected to such contingencies except in the discretion of the trial court. We view a continuance under such circumstances as little else than a matter of grace. We may add that in this case the appellant's cause was apparently well conducted by Mr. Lawler, notwithstanding his opinion that he was unprepared.

Nor do we think that the failure of respondent to answer

the interrogatories was a cause for continuance, under the circumstances. As we have seen, the case was commenced in May, 1910. The interrogatories were served upon respondent on November 28, 1910, six months after the commencement of the action, and at a time when the case had either been set for trial or was about to be set for trial. Respondent moved to strike the interrogatories on the ground of delay in serving them, and also on the ground of their irrelevancy to the issues involved. Appellant did not seek a ruling of the court upon this motion before making application for a continuance, nor before the trial. Respondent was present at the trial and testified, and appellant's counsel had there every opportunity to examine him. We conclude there was no error in the denial of the motion for continuance.

It is next contended that the court erred in denying appellant's motion to quash the service of the summons. The only answer that this contention requires, is the fact that appellant thereafter answered upon the merits, and also filed with its answer a cross-complaint seeking a money judgment against respondent upon an alleged cause of action growing out of the same transaction upon which appellant based his claim. This was clearly a general appearance by which appellant waived whatever defects there may have been in the service of the summons upon it. *Walters v. Field*, 29 Wash. 558, 70 Pac. 66; *Hodges v. Price*, 38 Wash. 1, 80 Pac. 202; *Calhoun v. Nelson*, 47 Wash. 617, 92 Pac. 448; *Springfield Shingle Co. v. Edgecomb Mill Co.*, 52 Wash. 620, 101 Pac. 233.

It is next contended that the trial court erroneously admitted and considered certain evidence which it is insisted by counsel for appellant was in contradiction of the terms of the written contract of sale of the steam shovel, upon which contract alone they claimed the rights of the parties here involved depend. The terms of that contract, so far as we need notice them here, are as follows:

"Toledo, Ohio, March 11th, 1910.

"This agreement, made in duplicate, witnesseth the undertaking upon the terms and conditions as in this conditional sale contract set forth, of the delivery of one class 2 Victor steam shovel, No. 506, from the Toledo Foundry & Machine Company, of Toledo, Ohio, hereinafter styled the seller, into the possession of Paul Steenstrup of Seattle, Washington, doing business and known as Paul Steenstrup, contractor, hereinafter called the buyer.

"This writing contains all and singular the agreements and conditions, and warranties, between the parties hereto.
. . . .

"Said machine is to be shipped. f. o. b. Toledo, Ohio, on or about the 12th day of March, 1910; and upon receipt of wire notice (which buyer hereby agrees to send to said seller immediately upon arrival of said shovel at destination) or as soon thereafter as possible, seller agrees to send a competent steam shovel engineer to superintend the unloading and installing, and to operate the engines of said steam shovel to demonstrate same to be in accordance herewith; said engineer to be entirely. at the expense of seller for a period of not exceeding 15 days of 10 hours each; but should it be found necessary for him to remain longer, buyer hereby agrees to pay seller $6.00 per day for each day of such overtime. All other expenses of unloading, installing and operating of said steam shovel for demonstration, buyer hereby agrees to bear.

"The seller guarantees said machine to be as set forth on page six of catalogue No. 1, issued by seller, and as per specifications hereto attached, which are made part of this contract.

"If after said demonstration said steam shovel is in accordance herewith, buyer hereby agrees to at once accept same and relieve seller of further expenses by signing and delivering to seller's engineer a formal acceptance of the shovel in the following terms: 'Received from the Toledo Foundry & Machine Company, of Toledo, Ohio, the possession of steam shovel No. 506 in full satisfaction,' whereupon the liability of the seller shall cease and determine; and to sign and deliver to the seller the notes as herein provided, and the possession of said shovel will not be acquired by buyer until the delivery to the engineer of said acceptance and signed notes.

"If, during said demonstration any parts of said steam shovel prove defective or any changes be necessary, seller shall have a reasonable length of time to replace such parts or make such changes as may be found necessary. If seller then fails to demonstrate the guarantee, it agrees to remove said steam shovel at its expense and to refund whatever portion of payment it has received hereunder, and buyer hereby expressly waives any right or claim for possible damages or expense."

This contract was signed by respondent on March 11, 1910, the date it bears, at Seattle; and was signed by appellant on March 16, 1910, at Toledo, Ohio. It was prepared by appellant at Toledo, and sent to Hadley & Rinker, of Seattle, who were acting as agents for appellant in the sale. Negotiations between respondent and Hadley & Rinker had been carried on for some time looking to this sale, when on March 7, 1910, appellant wrote to Hadley & Rinker a letter enclosing this form of contract, in which letter it is stated:

"Your customers will run no risk whatever; if our shovels do not come up to the guarantee, they can be rejected and we will refund all payment made to us and the freight paid by them.

"Our Victor steam shovels are not an experiment, and are not excelled, we believe, by any other make.

"We beg to confirm the telegram we sent you this p. m. as follows: 'Steenstrup option fifty-five ton shovel still good on terms your letter January seventeenth.'

"In this connection we may say that we are building these shovels constantly and are in shape to ship promptly on receipt of order. We are sure that your customers will be highly pleased with the Victor, as it is a shovel that will do the work on a minimum expense per yardage.

"We enclose herewith a blank form of the contract under which we deliver the shovels and which we will execute upon receiving an order from you, based on the terms and conditions therein set forth."

This letter was received at Seattle by Hadley & Rinker, with the form of contract enclosed as stated, about March

10th or 11th, 1910. The letter was then shown to respondent by Hadley & Rinker, and the statement therein as to refunding freight charges upon failure of the guarantee particularly called to respondent's attention, with the assurance on the part of Hadley & Rinker that the freight charges would be refunded to respondent in the event the steam shovel should not come up to the guarantee. Thereupon the contract was signed by respondent and returned by Hadley & Rinker to appellant at Toledo, when it was signed by appellant on March 16, 1910.

The shovel was shipped from Toledo, arriving at Seattle, April 5, 1910, when respondent paid the $1,123.15 freight charges thereon. The demonstration of the shovel was then proceeded with under the superintendence of a steam shovel engineer in pursuance of the contract. This demonstration failed to show that the shovel was as guaranteed, notwithstanding ample time was given therefor, as well as for curing defects in the shovel. Thereupon respondent rejected the shovel and commenced this action to recover the amount of the freight charges he had paid thereon. The letter of March 7th from appellant to their agents Hadley & Rinker, the showing of that letter by them to respondent, and the conversation then occurring between them touching the refunding of freight charges as stated in the letter, constitute the evidence admitted and considered by the court which is insisted by counsel for appellant to be inadmissible, in view of the provisions of the written contract of sale.

The contention is that the provisions of this written contract constitute the sole evidence by which to determine appellant's liability to refund the freight charges to respondent. If the written contract was clear and certain upon the question as to which of the parties should be responsible for the freight charges, in the event of the failure of the sale because of the failure of the guarantee, there would be merit in this contention. It seems to us, however, that the written contract is not so certain in this particular as to exclude con-

temporaneous acts and conversations of the parties putting their own construction upon the terms of the written contract, or evidence of a separate contract concerning the freight, such as we find in this letter and the contemporaneous conversation, which clearly indicates that respondent was to have the freight charges refunded to him by appellant in the event of the failure of the guarantee and his rejection of the shovel on that account. It may well be argued that the "expense" waived by respondent, refers only to the "expense of unloading, installing and operating" mentioned in the contract as being assumed by respondent. It is true that the shovel was to be sold f. o. b. at Toledo, and this of course contemplated payment of freight by respondent in case of the sale being consummated. We think it does not necessarily follow that he was to lose the freight in case there was no consummation of the sale through the fault of appellant. Whether we regard the showing of this letter by Hadley & Rinker to respondent and the contemporaneous conversation, as creating a separate contract from the written sale contract, or as a contemporaneous construction of the sale contract which we regard as uncertain in this particular, we think this evidence was admissible and sufficient to base respondent's recovery upon, in the event he was, under the terms of the sale contract, justified in rejecting the shovel.

It is finally contended that the evidence is insufficient to sustain the findings and judgment. Our review of the evidence convinces us that it was ample to warrant the conclusion that the shovel was proven so defective as to wholly fail to meet the requirements of the guarantee, and that appellant did not remedy the defects in the shovel, though ample time was given for that purpose. We deem it unnecessary to review the evidence in detail here. We conclude that the judgment should be affirmed. It is so ordered.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.