## POOL et al. v. RIEGAL et al.

No. 3344.  Opinion Filed April 13, 1915.

(147 Pac. 1193.)

1. APPEAL AND ERROR—Continuance—Discretionary Ruling—Absence of Counsel. Absence of counsel is not a statutory ground for continuance, and the granting or refusing of a motion for continuance on account thereof is within the sound discretion of the trial court; and unless this discretion is abused, it is not error to overrule the same.

2. CONTINUANCE—Grounds—Absence of Counsel—Discretion. It is not an abuse of discretion to overrule a motion for a continuance, on account of absence of counsel, where the motion is unverified, does not show that the absent counsel is the sole counsel in the case, the facts and circumstances with reference to his absence, or that any effort has been made to procure other counsel.

(Syllabus by Dudley, C.)

*Error from District Court, Kiowa County;*

*James R. Tolbert, Judge.*

Action by Lucy Riegal against T. F. Pool and others. Judgment for plaintiff, and defendants Pool bring error. Affirmed.

*Rummons & Logan,* for plaintiff in error.

*Carpenter, Hughes & Terral,* for defendant in error.

DUDLEY, C. The defendant in error Lucy Riegal, hereinafter referred to as the plaintiff, commenced this action in the district court of Kiowa county against the plaintiffs in error, T. F. Pool and M. S. Pool, and the other defendants in error, hereinafter referred to as the defendants, to recover a judgment against the defendants T. F. Pool and M. S. Pool for the sum of $400 upon two promissory notes of $200 each, with interest and attorney's fees, and to foreclose a mortgage given to secure the same, covering 80 acres of land, situated in said county, and to determine the priority of liens as between the plaintiff and the other defendants. The issues were joined, and when the case was called for trial, in its regular order on the assignment, the defendants T. F. Pool and M. S. Pool presented the following motion for a continuance on account of the absence of their attorney, O. J. Logan:

"And now at this time, May 29, 1911, this case is called. Plaintiff announces ready, and defendants ask the court for a continuance for the reason of the absence of attorney, O. J. Logan, which request is by the court denied. Whereupon the court hears the evidence and, being advised in the premises, renders judgment for the plaintiff for the amount sued on as per journal entry."

This motion was overruled, and the case was tried by the court, resulting in a judgment in favor of the plaintiff, Lucy Riegal, against the defendants T. F. Pool and M. S. Pool for the amount due upon the two notes, establishing a lien upon

said premises and ordering the same sold in satisfaction thereof as required by law, fixing and establishing the priority of liens as between the plaintiff and the other defendants. In due course of time the defendants T. F. Pool and M. S. Pool filed a motion for a new trial, assigning as error the overruling of their motion for a continuance on account of the absence of their counsel. The motion was overruled, exceptions taken and allowed, and from this order the defendants Pool prosecute an appeal to this court, and seek a reversal solely on account of the overruling of their motion for a continuance.

Jones & Green appear of record as counsel for defendants T .F. Pool and M. S. Pool, and there is nothing in the record to show that O. J. Logan had any connection with the case at all at the time the case was called for trial. The motion is unverified, does not show that the absent counsel is the sole counsel in the case, the facts and circumstances with reference to his absence, or that any effort had been made to procure other counsel. Absence of counsel is not a statutory ground for continuance, and the granting or refusing of a motion for a continuance on account thereof is within the sound discretion of the trial court, and unless this discretion is abused it is not error to overrule the same. *Pierce, Sheriff, v. Engelkemeier,* 10 Okla. 308, 61 Pac. 1047; *Steenstrup v. Toledo Foundry & Machine Co.,* 66 Wash. 101, 119 Pac. 16, Ann. Cas. 1913C, 427, and notes on page 431. The granting or refusing of a continuance is within the sound discretion of the trial court, and unless it abuses its discretion it is not error to overrule a motion for continuance. This proposition is so well settled in this state that citation of authorities is not necessary.

An examination of the whole record clearly shows that the trial court did not abuse its discretion in overruling the motion for a continuance, and the judgment should therefore be affirmed.

By the Court: It is so ordered.