Note.—See under (1) 27 Cyc pp. 1686, 1679; (2, 4) 27 Cyc p. 1709; (3) 27 Cyc pp. 1709, 1715; (5) 27 Cyc p. 1697; (6) 27 Cyc p 1679.

---

**MELTON et al. v. FIRST NAT. BANK OF MIAMI et al.**

Nos. 13670 and 14023, Consolidated. Opinion Filed Sept. 16, 1924.

Second Rehearing Denied Feb. 17, 1925.

**1. Banks and Banking—Validity of Assignment to Bank of Real Estate Mortgage.**

When a bank is incompetent by its charter to take a title to real estate, an assignment to it of a real estate mortgage is not void under section 5137 of the Revised Statutes of the United States, but only voidable; it is valid until assailed in a direct proceeding instituted for that purpose by the sovereign.

**2. Judges—Qualification of Special Judge —Filing of Oath.**

Where a special judge has been duly elected to try a cause and before performing any judicial act takes and subscribes to the oath as provided by law, the mere fact that the oath reduced to writing was inadvertently filed with and in the office of the court clerk instead of in the office of the clerk of the county will not disqualify such special judge from entering upon the duties of his office.

**3. Appeal and Error—Harmless Error— Statute.**

No judgment will be set aside or new trial granted by this court as to error in any matter of pleading or procedure, unless in the opinion of this court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. (Section 2822, Comp. Stat. 1921.)

**4. Same.**

After an examination of the entire record in this case, it does not appear that any error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of any constitutional or statutory right.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; A. Scott Thompson, Judge.

Action by First National Bank of Miami against J. H. Melton and Louise I. Melton, and the John Deere Plow Company. From judgment in favor of the plaintiff, defendants J. H. Melton and Louise I. Melton bring error. Affirmed.

C. R. Reeves, for plaintiffs in error.

A. W. Turner and M. W. Hinch, for defendants in error.

Opinion by PINKHAM, C. This was an action instituted by the defendant in error, the First National Bank of Miami, as plaintiff, against the plaintiffs in error, J. H. Melton and Louise T. Melton, to foreclose a certain real estate mortgage. John Deere Plow Company, a corporation, was made a party defendant.

It appears that on the 19th day of October, 1921, the said defendants Melton purchased from O. P. McGhee 200 acres of land, and executed and delivered to McGhee their promissory note, wherein and whereby they agreed to pay to the order of the said McGhee, three years after date, $5,350, with interest, which said note was then and there secured by a real estate mortgage.

On the following day McGhee, the prior owner of and record title owner of said real estate, for value received, assigned all his right, title, and interest in and to said note and mortgage to the plaintiff, First National Bank of Miami.

It further appears that on account of de-

fault of defendants Melton, in the payment of interest and taxes accruing and accumulating against the said land as alleged by the bank, it commenced this action on the 1st day of June, 1921.

The said defendants filed their answer to plaintiff's petition in which they admitted the execution of the note sued upon and the execution of the mortgage and that the same was given to secure the said note, and that the note has not been paid.

The answer further alleged that since the execution and delivery of the said note and mortgage, the defendants have received notice and been informed that the title to said land had been acquired of and from one W. O. Cardin through misrepresentation and fraud, and that the said Cardin now claims some interest and estate in said land, and that the plaintiff holds said note with knowledge of all the circumstances referred to in their answer.

The case came on for trial before the court without the intervention of a jury, and resulted in a judgment for the plaintiff for the amount of money due on the said note against the said defendants, and for foreclosure of said mortgage.

On August 22, 1921, the Meltons filed their motion for a new trial and motion to vacate the judgment. Thereafter various motions, supplemental motions, and motion to vacate the judgment were on the 7th day of December, overruled, exceptions allowed, and the cause comes regularly on appeal by the defendants, J. H. and Louise I. Melton, to this court.

For reversal of the judgment counsel for defendants assign some 15 grounds of error, the first of which is that the plaintiff had no legal right or jurisdiction to file, maintain, or hold the mortgage in question for the reason it is in violation of the federal statute.

The statute referred to is section 5137 of the Revised Statutes of the United States, which provides:

"A national banking association may purchase, hold, and convey real estate for the following purposes and for no others: first, such as shall be necessary for its immediate accommodation in the transaction of its business; second, such as shall be mortgaged to it in good faith by way of security for debts previously contracted; third, such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings; fourth, such as it shall purchase at sales under judgment, decree, or mortgages held by the association or shall purchase to secure debts due to it."

We think it sufficient to say that the record in this case fails to disclose any evidence that tends to show in any degree that the plaintiff bank acquired title to the note and mortgage in question illegally and held the title thereto in violation of the statute relied upon.

The presumption is that the plaintiff's ownership of the note and mortgage involved in this case was regularly and legally acquired in good faith in the due course of business.

There is nothing in the record before us so far as we are able to discover upon which to base this assignment of error and the authorities cited to the effect that national banks have no power to acquire and hold title to real estate except for the purpose expressed in or necessarily implied from their charter, have, we think, no application to the pleadings and facts appearing in this record.

In the case of Graham et al. v. The Nat. Bank of New York, 32 N. J. Eq. 804, it is held in the syllabus:

"Mortgages given to a national bank to secure contemporaneous loans of money by discounting commercial paper in the usual course of business, are not void under section 5137 or 5136 of the Revised Statutes of the United States; they are only voidable and the government alone can object."

In the case of Weber v. Spokane Nat. Bank, 64 Fed. (C. C. A.) 208, it is said in the opinion:

"The tendency of all the decisions has been to refer to the general government the power to deal with all violations of the act and to hold that acts done without the scope of the prescribed powers of the bank, are in violation of the express terms of the statute for their guidance, are not void but are voidable only; thus section 5136, by implication, prohibits a national bank from loaning money upon real estate security, yet it is held that a mortgage taken upon real-estate to secure a contemporaneous loan or future advances, is not void, but merely voidable at the instance of the government."

In National Bank v. Mathews, 98 U. S. 621, sections 5136 and 5137, Revised Statutes of the United States, were construed in their application to a deed of trust of the lands with power of sale of like effect with a mortgage assigned to a national bank as security for a loan of money to the holder. The conclusion was that where a corporation is incompetent, by its charter, to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign alone can object. It is valid until assailed in a

direct proceeding instituted for that purpose.

Furthermore, there is no allegation in the answer that the mortgage was given or held in contravention of the federal statute.

We think there is no ground for questioning the legal authority and right of the plaintiff bank to purchase the mortgage in question.

The second assignment of error is that the special judge who tried the cause "was not elected as provided by law and never qualified as provided by law."

The only departure from a literal compliance with every requirement of the law, constitutional or statutory, in the proceedings, with reference to the selection of a special judge, was that the constitutional oath required to be taken and subscribed by certain judicial and county officers was not in this case filed with the county clerk. It is not contended that the oath required by law was not taken and subscribed by the special judge in the instant case, but that it was filed in the office of the court clerk instead of in the office of the county clerk (section 2, article 15, Constitution).

Just how or in what manner this mistake or inadvertence could in any wise have prejudiced the rights of the defendants or deprived them of any legitimate defense in this cause it is difficult to perceive.

It appears that the special judge took and subscribed to the oath required by section 1, article 15, of the Constitution, in the office of the court clerk and left it there, where it was filed.

This section of our Constitution providing for the taking and subscribing to the oath of office is substantially the same as in Pennsylvania. In the case of Com. v. Valsalka, 181 Pa. St. 17, 37 Atl. 405, it is said:

"It is sufficient that the officer has taken the oath, reduced it to writing, signed it before the deputy recorded in his office, and left it there before the beginning of his term of office."

Section 2 of article 15 of the Constitution provides that "any person refusing to take said oath or affirmation shall forfeit his office."

It would, we think, be an unwarranted construction of article 15 of the Constitution to hold that the failure of a judge who has complied with the constitutional requirement as to taking and subscribing to the oath of office, to cause it to be filed in the county clerk's office would deprive him of jurisdiction to try a case in his court.

Furthermore, it appears that no objection was raised before or during the trial of the case by any defendant as to the qualifications of the special judge. The objection appears to have been first raised upon the motion for new trial. Had the inadvertence as to the place of filing the oath been called to the court's attention before or during the trial the oath would doubtless have been filed in the county clerk's office.

Numerous other assignments of error are set out in defendants' brief to the effect that the cause was not at issue ten days prior to the setting of the case; that the denial of a continuance of the cause was an abuse of discretion by the court; that the court erred in striking parts of defendants' answer; and that the cause was a jury case and ought to have been put on a jury term for trial.

As to these specifications and others contained in defendants' brief, a number of which are not supported either by argument or authority, we are constrained to conclude that they are without merit and that it would serve no useful purpose to separately refer to all of them.

The court, in overruling defendants' motion for a continuance stated, as disclosed by the record, that the testimony of the absent witnesses set out in the affidavit of defendants as ground for a continuance would not be competent even if they were present, and that the affidavit for continuance filed by J. H. Melton, one of the defendants, on account of sickness of one of defendants' attorneys, was not a ground for continuance, it appearing that on the pleadings this attorney's name does not appear to be an attorney of record for defendant, the attorney of record being the defendant himself.

The granting or refusing of a continuance is within the sound discretion of the trial court, and unless it abuses its discretion it is not error to overrule a motion for continuance. This proposition is so well settled in this state that citation of authorities is not necessary. Pool v. Riegal, 46 Okla. 5, 147 Pac. 1193.

We think the trial court did not abuse its discretion in overruling the motion for a continuance.

It is further contended that the court erred in striking defendants' answer pertaining to the real party in interest, W. O. Cardin, and O. P. McGhee, and the actual owner of the mortgage sued upon.

The record discloses that at the time that part of defendants' answer was stricken upon the motion of plaintiff the court made the

finding of fact that the defendants Melton had full and complete knowledge and notice of the filing and pendency of the motion to strike. The portion of the answer stricken referred to the alleged fraudulent title to the real estate in question in O. P. McGhee, the grantor of the record title of defendants, and in nowise connected the plaintiff with the averred fraudulent transaction between McGhee and Cardin. We think the matter stricken out was not germane to the issues in the case and the motion was properly sustained.

In view of the pleadings and the facts disclosed by the record in this case, the further contention of defendants that a jury was not waived by any of the parties cannot be sustained. After the plaintiff's motion to strike certain parts of the defendants Meltons' answer was sustained, to which no objection was made or exceptions saved, and no amendment being made, the answer then consisted of the note and mortgage sued on, and the admission that the same was not paid; a denial that the plaintiff was the true owner of said note and mortgage; and a prayer to the court for a cancellation of said note and mortgage.

In the case of Moore v. Stanton, 77 Okla. 41, 186 Pac. 466, it is said:

"Where in an action on a promissory note and to foreclose a mortgage executed to secure payment of same, defendant admits execution of the note and the mortgage and by cross-complaint sets up a defense involving the election of equitable doctrines and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial."

The issues as between the defendants Melton and the plaintiff bank appear to have been joined on the day that the special judge sustained plaintiff's motion to strike out certain specific parts of defendants' answer on July 23, 1921, to which action of the court no exception was taken.

Questions raised in defendants' brief with reference to the John Deere Plow Company, a codefendant in this cause, we think unnecessary to consider as such questions do not, as we view the case, affect the questions involved in this case as between the Meltons and the plaintiff, the First National Bank of Miami.

Ancillary to the foreclosure action a receiver was appointed by the county judge, in the absence of the district judge from the county, to collect the rents and profits of the land involved during the pendency of the action. In addition to the questions raised by the defendants and heretofore considered

in this opinion the defendants further contend that the trial judge who tried the foreclosure action erred in overruling the motion of defendants on the 3rd day of September, 1921, to set aside and refuse to approve the report of the receiver for the reasons enumerated in said motion, the principal one of such reasons being that the order of the county judge appointing the receiver was made without notice to the defendants.

The record shows that the final report of the receiver was made on the 22nd day of May, 1922, from which it appears that during the whole period of the receivership of said cause the receiver had collected as rents of the property in question $257.81.

We have carefully examined the record and while it appears that the defendants were not present or represented at the time of the trial of the cause, it is apparent that they had ample and sufficient notice and knowledge of all the proceedings during the pendency of the case, and it is difficult to escape the conclusion that the defendants were negligent and inattentive to the lawsuit during its entire pendency; and while some errors and irregularities may have occurred in the proceedings, we conclude that they were of a technical rather than of, a substantial character, in which situation this court is required to disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party (sections 319 and 2822, Comp. Stat. 1921).

Upon the whole record we cannot say that the trial court erred in overruling the defendants' motion to vacate the receivership.

We are therefore of the opinion that the record discloses no errors which require a reversal, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.