[No. 34065. Department Two. May 23, 1957.]

THEODORE RICHERT, *Appellant*, v. C. C. HANDLY *et al.,*
*Respondents.*[1]

[1]Reported in 311 P. (2d) 417.

*Glenn E. Correa* and *J. W. Graham*, for appellant.

*B. Franklin Heuston* and *Byron E. McClanahan*, for respondents.

Rosellini, J.—This is an action for an accounting, wherein the plaintiff alleged that he entered into a partnership agreement with the defendant husband (hereafter referred to as the defendant), under the terms of which he, the plaintiff, was to purchase a stand of timber and the defendant was to log it, using his equipment, and the two were to share equally in the profits or losses resulting from the venture. He further alleged that the undertaking was unsuccessful; that after the payment of all operating expenses, the partnership suffered a loss of $9,825.12; that he had advanced $26,842 but had been repaid only $10,000 for his advances; and that he was entitled to $16,842 less $4,912.56 (one half of the net loss), or $11,929.44.

In his amended answer, the defendant admitted that the parties had contracted with each other, but alleged that "there was no settled agreement between the partners as to recovery by the plaintiff for loss upon his capital contribution, nor as to the priority of any right to recover upon his capital contribution." In addition, he claimed certain offsets and asked that the complaint be dismissed.

The cause was tried to the court, which found in favor of the defendant in the amount of $1,494.51, plus costs.

Unfortunately the plaintiff has assigned no error to the findings of fact. They have become, therefore, the established facts of the case, and the sole question before us is whether these findings support the conclusions of law and judgment. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953; *Judd v. Bernard*, 49 Wn. (2d) 619, 304 P. (2d) 1046.

The facts found by the trial court are as follows:

"I That defendants C. C. Handly and Mildred Handly are husband and wife constituting a marital community resident in Mason County, Washington.

"II During the month of April 1953 plaintiff Richert advised defendant Handly that he had available for purchase according to his cruise 1,700,000 feet of timber in the State of Oregon, that he, Richert proposed to purchase said timber with his funds and requested Handly to log said timber on the basis that the two of them would share the profit or loss on the transaction.

"III Prior to the purchase of the timber by the plaintiff the parties inspected the same and defendant Handly advised Richert that there was no more than approximately 1,000,000 feet of timber on the tract in question, and that the cruise was in error.

"IV The plaintiff Richert purchased the timber for a price of $24,300.00 after the parties had inspected it as aforesaid, and Handly proceeded to log the same under an oral working agreement. The essential elements of this agreement were as follows: Handly was to furnish a tractor for which he was to be paid rental at the rate of $13.00 per hour and was to haul the logs on his trucks at the rate of $8.00 per thousand. He was also to manage the operation, keep the records and handle and account for the funds received and expended during the course of the same. The profit or loss resulting from this single logging venture was to be borne equally. There was no requirement that Handly contribute to Richert for the purchase price of the timber in the event of loss.

"V The tract involved yielded between 800,000 and 900,000 feet of timber and the transaction resulted in a loss, the loss being caused by the deficiency in timber.

"VI The defendant Handly employed a bookkeeper and accountant in the State of Oregon to keep the records of this venture.

"VII The gross receipts of the venture amounted to $41,629.83. These funds were banked and accounted for by Handly. There was no concealment nor unlawful withholding or conversion of any of the funds.

"VIII Handly drew from the proceeds of the sale of the timber the sum of $7,016.88. Richert received from the proceeds of the sale of the timber the sum of $10,000.00.

"IX There was no agreement express or implied on the part of Handly to repay Richert for his investment in the timber.

"X A partnership income tax was prepared for the year 1953 by Elliott B. Spring, accountant in Shelton, Washington. This return was signed by Handly after he protested the accounting shown thereon. The accounting appearing on said

return was set up on the basis of Spring's understanding and opinion as to what the legal relationship of the parties was with reference to this single logging transaction.

"XI The $10,000.00 received by Richert and the $7,016.88 drawn by Handly are unexpended gross revenues of the undertaking."

Upon these facts, the court entered the following conclusions of law:

"I The arrangement of the parties hereto with reference to the single transaction involved constitutes a joint venture.

"II The defendant Handly is in no way responsible for plaintiff's loss on the purchase of the timber involved.

"III Of the total amount of $17,016.88 heretofore identified as unexpended gross revenue of the undertaking each party hereto is entitled to $8,508.44. Richert has been overpaid in the amount of $1491.56, and Handly is entitled to judgment against him in the amount of $1491.56.

"IV Plaintiff is entitled to take nothing by his complaint. Defendants are entitled to costs in this action expended, but their recovery for specific items claimed in their cross-complaint should be denied."

Although the plaintiff maintains that the court erred in holding the undertaking to be a "joint venture" rather than a "partnership," we think the distinction is immaterial in this action. Deciding whether the relationship between the parties was that of partners or joint venturers does not determine their rights and duties under their contract or the status of their account. We will disregard, therefore, the conclusion of law that the arrangement constituted a joint venture.

On the other hand, it is manifest that the findings are inadequate to support the judgment entered, or any other judgment. There is a finding that the parties to the contract had agreed to share the profits or losses equally; but there is a further finding that the defendant had not agreed to contribute to the plaintiff for his investment in the timber in the event of loss; in other words, that they had not agreed to share the losses equally. Aside from the finding that the profit or loss was to be borne equally, which is inconsistent with the further finding that the defendant was not to con-

tribute to the plaintiff for the purchase price of the timber in the event of loss, the findings are silent as to the basis on which the profit or loss was to be shared, whether proportionately to the contribution of each party, or otherwise. The mere fact that the defendant was not to be personally liable to the plaintiff for his losses does not mean that the plaintiff was not to be reimbursed out of the proceeds of the venture.

The findings also fail to reveal whether there was an understanding that the defendant was to be compensated for his services in managing the operation, apart from his share in the profits, and if so, in what amount. The only allegation contained in the amended answer pertaining to an agreement to reimburse the defendant for his services, was that he was owed $400 for maintaining fire watch and $25 for running property lines; and yet inherent in the court's disposition of the matter is a finding that these services were worth the full amount of the plaintiff's investment, or $26,-842; for the court treated all of the "unexpended gross revenues" as profits and divided them equally between the parties, one of whom had lost nothing (unless his claimed offsets in the total amount of $4,800 were valid), while the other had lost an investment of $26,842.

The court appears to have lost sight of the fact that there could be no profits until the expenses of the operation were paid, including the cost of the timber. The conclusion that all of the "unexpended gross revenues" were to be divided equally between the parties could only be reached if it had been agreed that the plaintiff would not be reimbursed for his contribution. Such an intention cannot be inferred from any of the findings entered.

▮ Since the findings are inadequate to support the conclusions and judgment, or any judgment on the matter in question, the cause must be remanded with directions to make findings regarding the basis on which the parties agreed that the losses were to be shared and whether the claims of one partner were to take priority over the claims of the other; the amount contributed by each (including

cost of timber, and equipment rental, and also including services if there was an agreement that the defendant was to be compensated for his services, in addition to his share in the profits, if any); the total receipts and the authorized disbursements; the amount which each of the parties has received to date; and the amount due each on the basis of their agreement.

The judgment is reversed and the cause is remanded with directions to enter findings on the matters indicated above, conclusions, and judgment based thereon.

Costs of this appeal shall abide the ultimate outcome of the case.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.

[1]Reported in 311 P. (2d) 415.