[No. 34573. Department One. November 6, 1958.]

THEODORE RICHERT, *Appellant*, v. C. C. HANDLY *et al.*, *Respondents*.[1]

*Lewis & Correa* and *J. W. Graham*, for appellant.

*B. Franklin Heuston* and *Byron E. McClanahan*, for respondents.

HUNTER, J.—This is an action for an accounting and dissolution of a logging partnership.

On the first appeal of this cause, which is reported in 50 Wn. (2d) 356, 311 P. (2d) 417 (1957), the appellant Richert failed to assign as error any of the findings of fact made by the trial court and, therefore, they became the established facts of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. However, we stated therein:

". . . it is manifest that the findings are inadequate to support the judgment entered, or any other judgment. There is a finding that the parties to the contract had agreed to share the profits or losses equally; but there is a further finding that the defendant had not agreed to contribute to

[1] Reported in 330 P. (2d) 1079.

the plaintiff for his investment in the timber in the event of loss; in other words, that they had not agreed to share the losses equally. Aside from the finding that the profit or loss was to be borne equally, which is *inconsistent* with the further finding that the defendant was not to contribute to the plaintiff for the purchase price of the timber in the event of loss, the findings are silent as to the basis on which the profit or loss was to be shared, whether proportionately to the contribution of each party, or otherwise. The mere fact that the defendant was not to be personally liable to the plaintiff for his losses does not mean that the plaintiff was not to be reimbursed out of the proceeds of the venture." (Italics ours.)

Consequently, the judgment entered by the trial court in favor of the respondents (defendants below) was reversed, and the cause was remanded with instructions to:

". . . make findings regarding the basis on which the parties agreed that the losses were to be shared and whether the claims of one partner were to take priority over the claims of the other; the amount contributed by each (including cost of timber, and equipment rental, and also including services if there was an agreement that the defendant was to be compensated for his services, in addition to his share in the profits, if any); the total receipts and the authorized disbursements; the amount which each of the parties has received to date; and the amount due each on the basis of their agreement."

At the hearing on this matter pursuant to the remittitur, counsel for the respective parties agreed that no additional proof would be produced. Therefore, the trial court, after hearing argument of counsel, entered the following additional findings of fact in compliance with the remittitur:

"XII. The parties *did not agree upon or specify the basis* upon which losses were to be shared, nor whether the claims of *one partner* were to take priority over the claims of *the other.*

"XIII. Richert [appellant] contributed a total of $26,842 for cost of timber and incidental advancements. Handly [respondent husband] used his own equipment to haul logs, as agreed by the parties, and was paid $8,673.84 for this service. Handly used his own tractor, as agreed by the parties, and was paid $9,240 for this service. *There was no agreement that Handly was to be compensated for his ser-*

*vices, in addition to his share in the profits, if any, (and except for the equipment and tractor services as last hereinbefore stated), and the accounting between the parties does not disclose any such compensation.*

"XIV. The gross receipts from the sale of logs were $41,-629.83. The disbursements were hauling (as per Finding XIII), $8,673.84; falling and bucking, $3,474.21; tractor (as per Finding XIII), $9,240.00; payroll and taxes, $4,786.56; cruising, $35.00; right of way, $200.00; commission, $500.00; paid to Richert, $10,000.00; withdrawn by Handly, $7,-016.88; Total, $43,926.49.

"XV. *There was no agreement* of the parties as to how a loss of the capital contributed by Richert in the amount of $26,842.00 was to be borne, and *accordingly it cannot be determined the amount due each on the basis of their agreement.* " (Italics ours.)

On the basis of such findings, the court concluded neither party was entitled to judgment against the other, that the complaint should be dismissed, and that the costs should abide the ultimate outcome of the case as provided by remittitur.

Mr. Richert has again appealed to this court from the judgment entered.

■ Since the trial court found that the parties had not agreed upon or specified the basis upon which losses were to be shared, or whether the claims of *one partner* were to take priority over the claims of the *other*, the provisions of the uniform partnership act are controlling. RCW 25.04-.180 provides:

"The rights and duties of the partners in relation to the partnership shall be determined, *subject to any agreement between them,* by the following rules:

"(1) *Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities,* including those to partners, are satisfied; and *must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.*

"...

"(6) *No partner is entitled to remuneration for acting in the partnership business,* except that a surviving partner is entitled to reasonable compensation for his services

in winding up the partnership affairs. . . ." (Italics ours.)

See, also, *Morrison v. Ultican*, 35 Wn. (2d) 504, 213 P. (2d) 617 (1950).

 Therefore, applying the statute to the additional facts found by the trial court, to which no error was assigned, we find the following account established:

*Capital Contribution*:

| | |
|---|---:|
| Appellant Richert | $26,842.00 |
| Respondent Handly | None |
| *Gross Receipts From Sale of Timber* | 41,629.83 |

*Expenses*:

| | |
|---|---:|
| Tractor | 9,240.00 |
| Hauling | 8,673.84 |
| Falling & Bucking | 3,474.21 |
| Payroll & Taxes | 4,786.56 |
| Cruising | 35.00 |
| Right of Way | 200.00 |
| Commission | 500.00 |
| | $26,909.61 |
| Gross Receipts | $41,629.83 |
| Less Expenses | 26,909.61 |
| Net Receipts | $14,720.22 |
| Appellant's Capital Contribution | 26,842.00 |
| Less Net Receipts | 14,720.22 |
| Net Loss | $12,121.78 |

Appellant has received $10,000 from the venture leaving a balance due on his Capital Contribution of ............$16,842.00

Less ½ of net loss ($12,121.78) ............ 6,060.89

Amount respondent must reimburse appellant for loss resulting from logging venture.....$10,781.11

It follows that the judgment of the trial court is incorrect, as a matter of law, under the facts found. Therefore, the judgment is reversed, and the cause remanded with directions to enter judgment in favor of the appellant in accordance with the views expressed herein.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.